UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| BOBBY DEAN WINE, | ) |
| --- | --- |
| Petitioner, | ) |
| vs. | ) CAUSE NO. 3:17-CV-265-PPS-MGG |
| SUPERINTENDENT, | ) |
| Respondent. | ) |

## OPINION AND ORDER

Bobby Dean Wine, a pro se prisoner, filed a habeas corpus petition attempting to challenge his conviction and 18 year sentence for Dealing a Controlled Substance by the Wabash Circuit Court on July 1, 2013. [DE 1.] He acknowledges that the petition is untimely, but argues that I should consider his claims because not doing so would be a fundamental miscarriage of justice.

"To invoke the miscarriage of justice exception to AEDPA's statute of limitations . . . a petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence. Unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing." *McQuiggin v. Perkins*, 569 U.S. __; 133 S. Ct. 1924, 1935 (2013) (internal quotation marks and citation omitted). A petitioner who asserts actual innocence "must *demonstrate* innocence; the burden is his, not the state's." *Buie v. McAdory*, 341 F.3d 623, 626-27 (7th Cir. 2003) (emphasis in original). Furthermore, "[a]ctual innocence means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614,

623 (1998). To support a claim of actual innocence, the petitioner must come forward with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial," *Schlup v. Delo*, 513 U.S. 298, 324 (1995), and must show that "in light of new evidence, it is more likely than not that no reasonable juror would find him guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 537 (2006). Because of the difficulty of meeting this standard, such claims are "rarely successful." *Schlup*, 513 U.S. at 324.

Though Wine asserts the miscarriage of justice exception, he does not have any new evidence and he does not argue that he is actually innocent. Instead, he asserts a number of claims related to how his trial was conducted and the alleged ineffectiveness of his lawyers. He claims his trial counsel was ineffective for not filing a motion to dismiss, for not allowing him to testify, and for not asking for a competency hearing. [DE 1 at 3.] He claims that his appellate counsel was ineffective for not arguing that his trial counsel was ineffective. [*Id.*] This particular claim of ineffective assistance is particularly curious since the first issue presented on appeal was "Did Wine receive ineffective assistance of trial counsel?" *Wine v. State*, 9 N.E.3d 771, *1 (Ind. Ct. App. 2014). Wine also argues that the trial judge prevented him from testifying, did not order a competency hearing, ruled against his defense strategy, and denied him an impartial jury. [*Id.* at 4.] He argues that he was denied a fair trial. [*Id.*] None of these arguments are based on new evidence. Nor do any of them demonstrate that Wine

2

actually is innocent.  This is unsurprising since, at the trial, Wine confessed when he told the judge "I'm not saying I'm innocent, by all means I'm not, I'm guilty as hell . . . God knows it, you know it, he knows it." *Wine v. State*, 9 N.E.3d 771, *4 (Ind. Ct. App. 2014).

In addition, Wine argues that the Court should consider his claims because the 1-year period of limitation should be equitably tolled.  "[A] petitioner is entitled to equitable tolling if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631 (2010) (internal quotation marks and citation omitted). Equitable tolling is an extraordinary remedy that is rarely granted. *Obriecht v. Foster*, 727 F.3d 744, 748 (7th Cir. 2013).  "Petitioners bear the burden of proving that they qualify for equitable tolling." *Taylor v. Michael*, 724 F.3d 806, 810 (7th Cir. 2013).

Though Wine asserts equitable tolling, he has not shown that he was diligently pursuing his rights or that anything (extraordinary or otherwise) prevented him from submitting a timely habeas corpus petition.  After the Court of Appeals of Indiana denied his direct appeal on March 27, 2014, he did not seek transfer to the Indiana Supreme Court.  Though he promptly filed a post-conviction relief petition on June 11, 2014, he did not appeal when it was denied on October 27, 2014.  Then, after the deadline for filing a timely habeas corpus petition expired in late 2015, he waited a year more before he asked to file a successive post-conviction relief petition.  Though it is fair to say that he has been diligently pursuing his claims since then, his efforts did not

3

begin until it was way too late. As previously noted, his claims are not based on new information and he has not pointed to anything that prevented him from being able to have filed a timely petition. His "lack of action does not show reasonable diligence, and it does not show that extraordinary circumstances actually prevented [him] from filing." *Taylor*, 724 F.3d at 811. Thus, equitable tolling is not applicable and this habeas corpus petition is untimely.

As a final matter, pursuant to Section 2254 Habeas Corpus Rule 11, the Court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the Court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling. Therefore, there is no basis for encouraging him to proceed further. Thus, a certificate of appealability must be denied. For the same reasons, he may not appeal in forma pauperis because an appeal could not be taken in good faith.

For the foregoing reasons, the Court **DISMISSES** this case pursuant to Section 2254 Habeas Corpus Rule 4 because the petition is untimely and **DENIES** a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11 and leave to appeal in forma pauperis pursuant to 28 U.S.C. § 1915(a)(3).

**SO ORDERED**.

ENTERED: June 20, 2017.    <u>s/ Philip P. Simon</u>
                                                             **PHILIP P. SIMON, JUDGE**
                                                             **UNITED STATES DISTRICT COURT**